IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Concurrent Ventures, LLC and XtreamEdge, Inc.,** § § § | | |
| Plaintiffs, § | | |
| v. § | **CIVIL ACTION NO. 1:24-cv-335-DII** | |
| § | | |
| **Advanced Micro Devices, Inc. and Pensando Systems, Inc.,** § § § | **JURY TRIAL DEMANDED** | |
| Defendants. § | | |

## [PROPOSED] REVISED SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and the Court's Order (Dkt. 42), Plaintiffs Concurrent Ventures, LLC and XtreamEdge, Inc. ("Plaintiffs") and Defendants Advanced Micro Devices, Inc. and Pensando Systems, Inc. ("Defendants") (collectively, "Parties") respectfully submit the following proposed pre-trial deadlines.

This is a patent infringement action. The parties have utilized the Court's "Agreed Proposed Scheduling Order" form and supplemented it with the patent related events, including contentions and claim construction deadlines, all of which are reflected below.

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **September 29, 2025**.

2. The Parties asserting claims for relief shall submit a written offer of settlement to opposing Parties on or before **September 3, 2025**, and each opposing party shall respond, in writing, on or before **September 24, 2025**. All offers of settlement are to be private, not filed. The Parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the "Notice Concerning Reference to United States Magistrate Judge" on or before **September 6, 2024**.

4. The Parties will exchange initial disclosures by **August 30, 2024**.

5. Plaintiffs will serve their Infringement Contentions on or before **October 11, 2024**, containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found, whether literally and/or under the doctrine of equivalents; the priority date that Plaintiffs contend each asserted claim is entitled to, along with production of all documents evidencing conception and reduction to practice for each claimed invention and a copy of the file history for each patent-in-suit.

6. Defendants will serve their Invalidity Contentions by **December 20, 2024**, containing the following information: claim charts setting forth where in the prior art references each element of the asserted claim(s) are found; an identification of any limitations that Defendants contend are indefinite or lack written description under 35 U.S.C. § 112; and an identification of any claims that Defendants contend are directed to ineligible subject matter under 35 U.S.C. § 101. The defendants shall also produce all prior art referenced in the invalidity contentions.

7. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.

8. The following schedule shall apply to claim construction proceedings in this case:

   a. On or before **January 9, 2025**, the Parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

b. On or before **January 23, 2025**, the Parties shall concurrently exchange proposed preliminary claim constructions and shall identify the extrinsic evidence the Parties intend to rely upon for claim construction purposes. The Parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. The Parties shall also identify any witnesses they contend support their respective claim constructions. With respect to any such witness, the Parties shall also provide a brief description of the substance of that witness' proposed testimony.

c. On or before **January 30, 2025**, the Parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any.

d. On **February 20, 2025**, Defendants shall file their Opening Claim Construction Brief, with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 40 pages, exclusive of the caption, any tables, signature block, any certificate, and exhibits. The Parties shall also submit their respective Technology Tutorials, if any, by this date.

e. On **March 13, 2025**, Plaintiffs shall file their Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 40 pages,

    f.  On **March 27, 2025**, Defendants shall file their Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall be 20 pages, exclusive of the caption, any tables, signature block, any certificate, and exhibits.

    g.  Claim Construction Hearing**: _____, 2025, to be set at the convenience of the Court**.

9.  By January 16, 2025, the Parties shall meet and confer regarding reductions as to infringement claims and invalidity defenses. The Parties shall submit a proposal to the Court regarding the foregoing reductions by January 30, 2025.

10.  The Parties shall file all motions to amend or supplement pleadings on or before **May 5, 2025** and in accordance with Federal Rule of Civil Procedure 15.

11.  The Parties shall complete all fact discovery on or before **September 11, 2025**.

12.  All Parties with the initial burden of proof on an issue shall exchange opening expert reports on those issues for which it wishes to disclose expert testimony (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **October 9, 2025**. The Parties shall exchange rebuttal expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before **November 20, 2025**.

13.  The Parties shall complete all expert discovery on or before **December 19, 2025**.

14.  All dispositive motions shall be filed on or before **January 23, 2026** and each such motion shall be limited to 20 pages. Such motions shall not exceed 50 pages in the aggregate per side. Responses shall be filed and served on all other Parties not later than **21 days after the**

**service of the motion(s)** and each such response shall be limited to 20 pages. Such responses shall not exceed 50 pages in the aggregate per side. Any replies shall be filed and served on all other Parties not later than **12 days after the service of the response** and each such reply shall be limited to 10 pages. Such replies shall not exceed 25 pages in the aggregate per side.

15. All *Daubert*[1] motions shall be filed on or before **January 30, 2026** and each such motion shall be limited to 15 pages. Such motions shall not exceed 40 pages in the aggregate per side. Responses shall be filed and served on all other Parties not later than **21 days after the service of the motion(s)** and each such response shall be limited to 15 pages. Such responses shall not exceed 40 pages in the aggregate per side. Any replies shall be filed and served on all other Parties not later than **12 days after the service of the response** and each such reply shall be limited to 7 pages. Such replies shall not exceed 20 pages in the aggregate per side.

16. Plaintiffs and Defendants may each file multiple dispositive and/or *Daubert* motions, provided that the totality of such dispositive and/or *Daubert* motions in sum meet the respective above-stated page limitations.

17. The Parties shall file pretrial disclosures, rebuttal disclosures, and objections by **70 days prior to the first day of trial set by the Court**.

18. The Parties shall file motions *in limine* by **60 days prior to the first day of trial set by the Court**. The Parties shall serve oppositions to motions *in limine* by **fourteen days after the filing of the motions *in limine***.

19. Pretrial Conference: **To be set at the convenience of the Court**. The final pretrial conference shall be attended in person by at least one of the attorneys who will conduct the trial

---

[1] An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony

for each of the Parties and by any unrepresented Parties. The Parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

20.   This case is set for _____ trial commencing at 9:30 a.m. on _____, 2026. **Jury selection may be conducted by a United States Magistrate Judge the Friday before the case is set for trial. Given that (1) many cases resolve before trial and (2) the Austin Division has only one active district court judge, the Court may set a criminal case and several civil cases for the same trial week. The Court recognizes the inconvenience this may cause counsel and parties if a trial is moved shortly before the trial date, but the Court must balance that inconvenience with its need to effectively deploy limited judicial resources.**

21.   The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the Parties do not make timely submissions under this Order.

SIGNED on _____, 20_____.

                                                      DOCKET II
                                                      UNITED STATES DISTRICT JUDGE