IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CONCURRENT VENTURES, LLC, XTREAMEDGE, INC.,** *Plaintiffs,* § § § § | |
| v. § | CASE NO. 1:24-CV-00335-ADA |
| § § § | |
| **ADVANCED MICRO DEVICES, INC., PENSANDO SYSTEMS, INC.** *Defendants.* § § § § | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Mark Lane. ECF No. 58. The report contains recommendations for Defendants Advanced Micro Devices, Inc. and Pensando Systems, Inc.'s (collectively, "Defendants") Opposed Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 33) and Defendants' Motion to Dismiss Pursuant to 35 U.S.C. § 101 and Fed. R. Civ. P. 12(b)(6) (ECF No. 23). The report ultimately recommended that Defendants' Motion to Transfer Venue be **GRANTED** and Defendants' Motion to Dismiss be **DISMISSED WITHOUT PREJUDICE.** The Report and Recommendation was filed on January 31, 2025.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Plaintiffs Concurrent Ventures, LLC and XtreamEdge, Inc. (collectively, "Plaintiffs") timely objected to the Report and Recommendation. ECF No. 62. Defendants responded to Plaintiffs' objections on February 21, 2025. ECF No. 66. Plaintiffs filed a Reply In Support of their objections on February 26, 2025. ECF No. 68. The Court has considered the applicable laws, the Report and Recommendation (ECF No. 58), Plaintiffs' objections (ECF No. 62) and related briefing (ECF Nos. 66, 68), and conducted a *de novo* review of: Defendants' Opposed Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (ECF No. 33) and all related briefing (ECF Nos. 35, 44, 48, 49); and Defendants' Motion to Dismiss Pursuant to 35 U.S.C. § 101 and Fed. R. Civ. P. 12(b)(6) (ECF No. 23) and all related briefing (ECF Nos. 31, 32). After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be **VACATED.**

In all patent cases, this Court's practice is to allow venue discovery upon the filing of a venue motion. Reviewing the record, the Court finds that receiving further evidence would benefit the Court in resolving Defendants' Opposed Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a). *See* Fed. R. Civ. P. 72(b)(3). Accordingly, the Court **ORDERS** as follows:

The Court **VACATES** the January 31, 2025 Report and Recommendation of United States Magistrate Judge Mark Lane (ECF No. 58).

**IT IS ORDERED** that venue discovery shall open on June 25, 2025. The Court hereby establishes the following presumptive limits on venue discovery in this case: each party is limited to five (5) interrogatories, ten (10) Requests for Production, and ten (10) hours of deposition testimony. The time to respond to such discovery requests is reduced to twenty (20) days. If a party believes these limits should be expanded, the party shall meet and confer with opposing counsel and, if an impasse is reached, the requesting party is directed to contact the

Court's law clerk for a telephonic hearing. Venue discovery shall be completed by September 3, 2025. Any discovery disputes that arise during venue discovery shall be resolved via the discovery dispute process set forth in this Court's Standing Order Governing Proceedings (OGP)—Patent Cases.

**IT IS FURTHER ORDERED** that, because Defendants' Motion to Transfer Venue is twenty pages in length, Plaintiffs shall be allowed to file a Corrected Response Brief that is no more than twenty (20) pages in length. Plaintiffs' Corrected Response Brief shall be due fourteen (14) days after the completion of venue discovery. Defendants may file a Corrected Reply Brief not to exceed five (5) pages in length. Defendants' Corrected Reply Brief shall be due fourteen (14) days after the filing of Plaintiffs' Corrected Response Brief. No further briefing will be allowed absent leave of Court.

**IT IS FINALLY ORDERED** that all other deadlines are **STAYED** pending the completion of venue discovery and the Court resolving Defendants' Opposed Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (ECF No. 33). Defendants shall inform the Court when Defendants' Motion to Transfer Venue is ripe for resolution in accordance with this Order by filing a Notice on the docket and emailing the Court's law clerk at TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov.

**SIGNED** this 24th day of June, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE